UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                    05-CR-6096T

                    v.                    **DECISION**
                                          **and ORDER**
ANTHONY WHITE,


                    Defendant.
_____

<u>INTRODUCTION</u>

Defendant Anthony White ("White") is charged in a single-count Indictment with unlawful possession of a firearm and ammunition by a person having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On January 25, 2006, the defendant filed an omnibus motion seeking, <u>inter</u> <u>alia</u>, suppression of evidence seized from his residence at 494 Seward Avenue in the City of Rochester, New York, and suppression of statements made following his arrest. White contends that the police officer, who searched his home, did not have consent to search the bedroom in which he was found holding a shotgun, and therefore the search and seizure was unlawful.

By Order dated April 27, 2006, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings. Pursuant to that Order, and after holding a hearing on defendant's motion, Judge Payson issued a Report and Recommendation dated May

8, 2006, recommending that defendant's motion to suppress be denied. Specifically, Judge Payson determined that search of White's home had been consensual, and therefore the search was lawful. White objects to Judge Payson's Report and Recommendation on grounds that he did not knowingly consent to a search of his bedroom because the police did not identify themselves when they knocked on the closed door to White's bedroom

For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motions to suppress.

<u>STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the

2

first instance.  <u>Cullen v. United States</u>, 194 F.3d 401 (2nd Cir.
1999).  I apply these standards to the following analysis.

<u>BACKGROUND</u>

The relevant facts of this case were set forth in Judge
Payson's Report and Recommendation, and familiarity with those
facts is presumed. In summary, on June 10, 2005, City of Rochester
Police Officer Francis Archetko responded to a report of "family
trouble" at 494 Seward Avenue in the City of Rochester.  When he
arrived at that location, he encountered a woman named Kathryn
Mobley standing in the driveway of the home.  In speaking with Ms.
Mobley, Officer Archetko ascertained that Mobley's boyfriend
Anthony White was in the home, that both she and White resided
there, and that while Ms. Mobley did not want White arrested, she
wanted Officer Archetko to ask White to leave the premises.  Ms.
Mobley allowed Archetko into the home, and told him in which room
he could find White.  Officer Archetko approached the room as
directed by Ms. Mobley, and found the door to the room closed.

Officer Archetko knocked on the door to the room, and a male
voice responded "come in."  Upon opening the door, Archetko found
White sitting on a bed pointing a modified shotgun at the doorway.
Archetko quickly drew his weapon and ordered White to drop the gun.
White dropped the weapon, and Archetko restrained him with
handcuffs.  Thereafter, he was taken into custody and transported
to the Monroe County Jail.

3

Five days later, the defendant was taken into federal custody and was transported to federal court for an initial appearance. While he was being transported, White allegedly told the federal agents transporting him that the gun with which he had been found was not his, but in fact belonged to Ms. Mobley's father, and that because he was afraid of his girlfriend, he was trying to unload it when he was discovered by Officer Archetko.  These statements were made voluntarily, and not in response to any questioning by the federal agents.  The agents further advised White that he should refrain from making statements until he had an opportunity to meet with his attorney.

## DISCUSSION

White contends that the warantless search of his residence was unlawful because he did not consent to the search.  Specifically, he contends that because Officer Archetko did not identify himself as a police officer when he knocked on the bedroom door of the bedroom in which he was located, he did not have an opportunity to consent or object to a police search, and therefore the physical evidence seized should be suppressed.  He argues further that because the search of his bedroom was unlawful, his arrest was not warranted, and therefore statements made after the arrest should be suppressed as "fruit of the poisonous tree."

For the reasons stated in Judge Payson's May 8, 2006 Report and Recommendation, I deny defendant's motion to suppress evidence

and statements.  As Judge Payson noted, Because Ms. Mobley authorized Officer Archetko to enter into the home at 494 Seward Avenue, the search of that location was authorized, and therefore not unlawful.  Once in the home, Officer Archetko was not required to announce that he was a police officer upon coming to the closed door of the room to which he was directed by Ms. Mobley.  See United States v. Hatfield, 365 F.3d 332, 340 (4th Cir. 2004)(officers not required to announce their presence pursuant to warrantless entry of home where defendant stated "the door is open, come on in" when hearing knock at his door).  The fact that White authorized entry into his room by saying "come in" after he heard a knock at the door further demonstrates that the search of the bedroom in which White was located was authorized.  Id.  Because the search of 494 Seward Avenue was lawful, I deny defendant's motion to suppress evidence, and deny his motion to suppress statements made by the defendant after his arrest.

CONCLUSION

For the reasons stated above, I hereby adopt Judge Payson's March 8, 2006 Report and Recommendation in its entirety, and deny defendant's motion to suppress.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
     Michael A. Telesca
United States District Judge

DATED:     Rochester, New York
           July 17, 2006