UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,                          PRETRIAL
                                                                         ORDER

                                                                          05-CR-6096L

                 v.

ANTHONY WHITE

                               Defendant.
_____

        This order will control the conduct of the trial in this case.

A.  SCHEDULE:

        A **jury trial** is scheduled to commence on **December 11, 2006 at 9:00 a.m.**  This is a day-certain trial date which will not be adjourned.

        The pretrial conference is scheduled for **December 5, 2006  at 2:00 p.m.**  The attorneys who will actually try the case must be present at the pretrial conference prepared as required by this order.

B.  PRETRIAL CONFERENCE:

        The following are the requirements for the pretrial conference:

        1.  Voir Dire Preparation:

(a) All parties will submit, on a separate sheet, the name, firm name and business address of the attorney trying the case and the names of any assistants that will be in court at counsel table.

(b) Each defendant will submit, on a separate sheet, the full name and address of the defendant.

(c) The Government will provide a list of its prospective witnesses. For proper identification to the jury, this list should include the following:

(i) The full name of the witness.

(ii) The occupational association, e.g., FBI, Monroe County Sheriff's Department, Marine Midland Bank.

(iii) Address of witness. Town and state will be sufficient.

(iv) A brief statement of the general subject matter expected to be covered by the witness (e.g., John Doe, chemist who analyzed drugs; Mary Smith - victim teller at Marine Midland Bank).

(d) Each defendant must provide a similar list of witnesses that he knows will testify.

2. Conduct of Voir Dire:

The Court will conduct voir dire. Depending on the circumstances of the case, the Court may allow counsel to make brief inquiry of the jury.

The Court does have certain standard questions that it will ask.

All questions that the parties wish the Court to submit to the panel must be submitted in writing at the pretrial conference. Failure to do so constitutes a waiver of any requests by that party.

3. <u>Exhibits and Exhibit Lists</u>:

The Government will submit an exhibit list on forms supplied by the clerk's office that briefly describes each proposed exhibit. ALL exhibits shall be denominated by number. The Government's exhibits shall use numbers 1 through 399; defendant shall use numbers 400 through 699. This list must include all exhibits that the Government intends to use in its case in chief. Exhibits that may only be used to cross-examine defense witnesses, for impeachment of any witness or to refresh the witness' recollection need not be marked on the list.

All exhibits on the list must be physically tagged and marked with the appropriate stickers prior to commencement of the trial.

4. <u>Jencks Act, 18 U.S.C. § 3500</u>:

It is in all cases preferable and advisable that § 3500 material be exchanged according to a schedule previously established or at the latest at the pretrial conference. This practice avoids lengthy delays during trial and affords the defense a reasonable opportunity to review this material.

5. <u>Instructions</u>:

The Government is directed to provide the Court and counsel with a complete proposed charge on the <u>substantive</u> offenses charged in the indictment at the pretrial conference. Each instruction must be contained on a separate page with legal authority or the source for the instruction set forth at the bottom of the page. If the charge comes from a form book, the parties must advise the Court as to whether the charge as presented has been modified from the charge that appears in the form book.

If the Government has any other request, not relating to the substantive charges that it has reason to believe will be necessary, it must also be submitted (e.g., use of accomplice testimony; impeachment by use of prior bad acts, etc.).

If the defense has any requests relating to the substantive charges or objections to the Government's request concerning the substantive charges they must be submitted in writing <u>on the day of the commencement of the trial</u>.

Any other requests, based on events occurring during trial, must be submitted in writing as soon as possible but not later than the close of the Government's case.

6. <u>Evidentiary Issues</u>:

Both the Government and the defendant are responsible for notifying the Court at the pretrial conference of any potential evidentiary issues or procedural problems that may arise during the trial. Surprises and gamesmanship has no place in a trial and benefits neither side.

It is in your interest that the Court be aware of potential problems so that careful consideration can be given to your respective positions. Some issues cannot be anticipated but many evidentiary issues can be anticipated. Some examples: The potential of witnesses to assert the Fifth Amendment; impeachment of witnesses or the defendant by prior bad acts; use of prior bad acts, etc. to prove intent and motive under Fed. R. Evid. 404; authentication of tapes and voice identification; obvious hearsay problems.

7. <u>Trial Briefs</u>:

I would expect the parties to submit trial briefs on significant evidentiary problems or anticipated proof problems at the pretrial conference.

8. <u>Stipulations</u>:

The parties should consider appropriate stipulations concerning undisputed facts or testimony. The parties should consider both stipulations of fact and stipulations of testimony. It is especially troubling to force custodians of business records and chain-of-custody witnesses to appear.

If the Government wishes to present proof by stipulation, it must serve a written proposed stipulation of fact or proposed stipulation of testimony on defense counsel at least 7 business days before the pretrial conference with a request that the opponent agree to the stipulation.

9. <u>Impeachment Evidence Or Evidence Under Rule 404(b)</u>:

Absent an order to the contrary,

(A) If the Government intends to impeach the defendant should he testify, under Rule 608 or 609, it must disclose the specific nature of the proposed impeachment material at the pretrial conference.

(B) If the Government intends to introduce evidence under Rule 404(b) in its case in chief, it must disclose the specific nature of the proposed evidence at the pretrial conference.   10. <u>Tapes and Transcripts</u>:

Absent an order to the contrary, if the Government intends to submit transcripts of tapes of electronic eavesdropping or monitoring to the jury, it must submit the <u>final</u> version of the transcripts to all counsel at least <u>20</u> days prior to the <u>pretrial conference</u>. If defendants intend to move against the transcripts, they must do so at least <u>10</u> days before the pretrial conference.

Matters and procedures relating to tapes and transcripts will be resolved at the pretrial conference.

11. Copies:

All material prepared for the pretrial conference must be given to all parties and the Court. The Court only needs one copy of all materials except that an additional copy of the witness list and the exhibit list must be provided to the court reporter.

12. Plea Negotiations:

The Court encourages the Government to set a deadline for disposition of the case by reduced plea (e.g., at least two weeks prior to the pretrial conference). This will allow for the orderly disposition of cases and avoid needless effort and expense of counsel and the Court.

Absent extraordinary circumstances, the Court will not accept a guilty plea to anything less than the full indictment once the jury appears for jury selection.

13. Jury Selection:

In most cases the Court will pick a twelve-person jury plus two alternates. The Court will use the "struck-jury" system.

At the pretrial conference, we will discuss the number of peremptory challenges permitted by Fed. R. Crim. P. 24.

Under this struck-jury system, the clerk will select a venire panel that equals the total of the number of petit jurors (12), plus the combined number of peremptories allowed to both sides (normally 16), plus the number of alternates selected (2) plus the peremptory challenges available for the alternates (2). In the normal single-defendant case, a venire panel of 32 jurors would be selected.

The Court (and under certain circumstances counsel) would then conduct <u>voir dire</u> of the entire panel. The Court will give an opportunity to counsel, outside the presence of the jury, to make challenges for cause.

Counsel for each side then exercises peremptory challenges, on an alternating basis, usually in three or four rounds, against the initial panel until they have either exhausted or waived the allotted number of peremptory challenges. The first twelve panel members remaining will constitute the jury and the next two will be the alternates.

The Government will strike first by writing the name and juror number of its challenges on the strike sheet that will be provided. The strike sheet will then go to the defendant who will see the Government's peremptory challenges and will then make his/her own strike by writing the name and number of the juror on the sheet. The strike sheet will then come to the Court and I will announce those jurors that have been excused.

If you do not exercise a challenge during a particular round, you lose only that peremptory challenge and you may make other peremptory challenges in later rounds.

Keep in mind that the first twelve jurors remaining will constitute the jury.

Generally, the courtroom is set up with three rows of nine jurors facing defense counsel (27) with five other jurors seated together in the well of the court near the rail.

At the end of this process, which has been described in <u>United States v. Blouin</u>, 666 F.2d 796 (2d Cir. 1981), a jury of twelve plus two alternates (or more) will be selected in one proceeding.

Sheets for filling in juror information during <u>voir dire</u> are available from my courtroom deputy.

C.  TRIAL:

The Court will advise counsel of its daily schedule so that arrangements can be made for witnesses, etc. Counsel are responsible for having witnesses available as needed.

The evening before each day's session, counsel will advise the opponent of the witnesses expected to be called the following day.

Jury time is valuable time and the Court will not tolerate squandering of this time with bench conferences and conferences in chambers concerning matters that could be resolved before the jury is summoned, during the luncheon recess, or in the evening.

If the Court recesses to, for example, 9:30 a.m., it is expected that we will begin proof at that time. If counsel expect problems or need to see the Court, they must make arrangements to meet with the Court at a time before the jury is scheduled to arrive. Nothing aggravates jurors more then waiting without explanation for long periods of time while counsel resolve matters that could have been resolved sooner.

The Court will take at least one 10 or 15 minute break in the morning and in the afternoon. Lunch recesses tend to be approximately an hour and fifteen minutes.

I expect the parties to cooperate in scheduling witnesses. The Court is not adverse to taking witnesses out of turn to accommodate experts and other non-party witnesses.

The Court may set time limits for opening statements and closing arguments and it is expected that counsel will adhere to those limits.

Exhibits that have been marked and received into evidence will be kept during proceedings on the counter next to the court reporter. In the evenings, each side will be responsible for maintaining custody of its exhibits and returning them to court the next day (unless other arrangements are made with the Court).

-9-

So that the Court, jurors, all parties and the public can hear the proceedings, counsel should address questions to witnesses from podiums in the courtroom.  I will allow some peripatetic questioning as long as you can be heard.

Counsel need not ask permission to approach a witness with a document, but otherwise questioning should be done from no closer than the podium.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 14, 2006.